# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2022

No. 21-30157

Lyle W. Cayce
Clerk

Eric Prudhomme, *individually and on behalf of others similarly situated*;
Elvin Jack, *individually and on behalf of others similarly situated*,

*Plaintiffs—Appellants*,

*versus*

Government Employees Insurance Company; Geico
General Insurance Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-98

Before King, Costa, and Willett, *Circuit Judges*.
Per Curiam:*

In this appeal of the district court's denial of class certification, Appellants are a group of GEICO customers in Louisiana who received payouts for total-loss automobile claims. These customers allege GEICO's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30157

proprietary valuation system violated LA. R.S. 22:1892B(5) and LA. R.S. 22:1973(A), (B)(5), but their suit veered off the road at the class-certification stage. The district court concluded that Appellants' proposed class failed for want of commonality, adequacy, and predominance. Because the district court did not abuse its discretion in denying class certification based on its adequacy concerns, we AFFIRM without comment on commonality or predominance. *Cf., e.g., Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 303 (5th Cir. 2003) (affirming narrowly).

The Federal Rules of Civil Procedure require that the "representative parties [in a class-action] will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *see also, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (observing that "[a] class representative must . . . 'possess the same interest and suffer the same injury' as the class members" (citations omitted)). This compels attention to "the risk of 'conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Slade v. Progressive*, 856 F.3d 408, 412 (5th Cir. 2017) (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)).

Consistent with this obligation, the district court questioned whether Appellants' theory of liability was, in fact, beneficial to the proposed class. It was not. Indeed, a portion of the proposed class members received payments *above* (that is, benefitted from) the allegedly unlawful valuation. This undermined Appellants' class-wide theory of liability and thereby doomed adequacy. *See, e.g., Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 315 (5th Cir. 2007) (noting "intra class conflicts may negate adequacy," citing as examples *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189–92 (11th Cir. 2003), and *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000)); *see also, e.g., Slade*, 856 F.3d at 411–12 (remanding given newly raised claim that created intra-class conflict and thereby implicated adequacy). *See generally Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 n.5

No. 21-30157

(2011) (recognizing other Rule 23(a) requirements "tend to merge with" the adequacy standard, which typically pertains to conflicts (citation omitted)).

Neither are we compelled by Appellants' belated, remedial assertion that class members who received overpayments were hypothetically entitled to other damages under Louisiana law. Even if true, this does little more than raise uncontemplated impediments to certification—like typicality, *see* FED. R. CIV. P. 23(a)(3) ("[T]he claims . . . of the representative parties [must be] typical of the claims or defenses of the class."); *see also, e.g.*, *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (analyzing typicality)—that we decline to address as a matter of first impression on these facts. *Cf. Slade*, 856 F.3d at 412–15 & n.1 (remanding intervening adequacy problems). Appellants simply offer too little, too late.

Appellants' remaining arguments are equally unavailing. For one, Appellants suggest cases like *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700 (5th Cir. 2020), or *Stuart v. State Farm*, 910 F.3d 371 (8th Cir. 2018), involved adequacy. They did not. *See Mitchell*, 954 F.3d at 710–12 (discussing predominance and superiority); *Stuart*, 910 F.3d at 375–77 (analyzing predominance, superiority, and standing). Likewise, Appellants' invocation of *Slade* is inapt. Nary a word of *Slade* supports the notion that class representatives can shoulder a theory of liability that disadvantages a portion of the class they allegedly represent.[1] Nor did we insinuate in *Slade* that a lower court errs by failing to *sua sponte* remediate intra-class conflicts through opt-out.[2] Appellants' belief otherwise is mistaken.

---

[1] To the contrary, we remanded precisely because the district court needed to assess adequacy given the potential waiver of class members' claims. *Slade*, 856 F.3d at 415.

[2] This much is evident in the fact that questions about a potential intra-class conflict (and as a corollary, the remedial capacity of opt-outs) arose *after appeal*—not before. *Id.* at 412–15 & n.1.

No. 21-30157

AFFIRMED.